UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA                    Case No. 1:16-cr-25-SEB-MJD-01

v.

BENNITO RODRIGUEZ                           (COMPASSIONATE RELEASE)


Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00025-SEB-MJD |
| | ) | |
| BENNITO RODRIGUEZ | ) -01 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Bennito Rodriguez filed a pro se motion for compassionate release requesting a sentence reduction under § 603 of the First Step Act of 2018, and appointed counsel filed a second motion for compassionate release shortly thereafter. Dkts. 555, 578. Mr. Rodriguez seeks immediate release, dkt. 578 at 1, arguing (1) that his medical conditions place him at risk of serious illness should he contract COVID-19; and (2) that he needs to care for his young children because their current guardian is incapacitated by her medical conditions and financial circumstances. *Id.* at 9-20. For the reasons explained below, Mr. Rodriguez's motions are **denied**.

**I. Background**

Mr. Rodriguez pleaded guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846. Dkt. 256. As part of the plea agreement, Mr. Rodriguez admitted the following facts:

- Mr. Rodriguez operated a methamphetamine, oxymorphone, and heroin distribution cell in Scottsburg, Indiana, from early 2014 to February 5, 2016;
- he received methamphetamine, oxymorphone, and heroin from various sources, and he and his wife distributed those controlled substances in the Scottsburg area;
- the conspiracy was responsible for distributing almost 10,000 pills of Opana—each containing 40 milligrams of oxymorphone, approximately 44.6 ounces of methamphetamine, and 22.3 ounces of heroin; and

2

- on occasion, Mr. Rodriguez directed his wife to distribute methamphetamine and oxymorphone to specific individuals and collect payment.

Dkt. 256 at ¶ 10.

A presentence investigation report ("PSR") was prepared prior to Mr. Rodriguez's change of plea and sentencing hearing. Dkt. 328. The PSR calculated a total offense level of 34 and a criminal history category of IV. *Id.* at ¶¶ 29, 41. It listed the following prior felony convictions for Mr. Rodriguez: (1) a 2002 conviction for theft in Scott County, Indiana; (2) a 2006 conviction for possession of stolen property in Scott County, Indiana; and (3) a 2008 conviction for dealing in cocaine in Scott County, Indiana. *Id.* at ¶¶ 33, 35, 37. Mr. Rodriguez also had several prior convictions for misdemeanors. *Id.* at ¶¶ 32-38. In the course of the prosecution, the United States filed an information under 21 U.S.C. § 851 alleging that Mr. Rodriguez had previously been convicted of a drug felony. Dkt. 312. As a result, under the law as it existed at the time, Mr. Rodriguez faced a twenty-year statutory minimum term of imprisonment. Considering the twenty-year statutory minimum term of imprisonment, Mr. Rodriguez's guidelines range was 240 to 262 months' imprisonment. *Id.* at ¶ 83.

In October 2016, Mr. Rodriguez pleaded guilty, and the Court sentenced him to an aggregate sentence of 240 months' imprisonment and ten years' supervised release. Dkts. 371, 387.

Mr. Rodriguez initially filed his motion for compassionate release pro se, dkt. 555, and the Court appointed counsel to represent him in this matter, dkt. 558. Counsel thereafter filed a second motion for compassionate release. Dkt. 578. Mr. Rodriguez asserted two arguments in support of his request for immediate release: (1) the COVID-19 pandemic, combined with his medical conditions, presents a serious risk to his health; and (2) he needs to care for his minor children because their caregiver has become incapacitated due to her medical conditions and financial situation. Dkt. 578 at 9-20. The United States opposed Mr. Rodriguez's motions, arguing in part

that he has not established an extraordinary and compelling reason warranting a sentence reduction, that he presents a danger to the community, and that the sentencing factors in 18 U.S.C. § 3553(a) weigh against a sentence reduction.[1] Dkt. 580. Mr. Rodriguez filed a reply wherein he continued to argue that the COVID-19 pandemic and his family circumstances constituted extraordinary and compelling reasons to grant a sentence reduction. Dkt. 581.

In July 2021, the Court ordered Mr. Rodriguez to show cause why the Court should not find that the COVID-19 pandemic no longer constitutes an extraordinary and compelling reason for a sentence reduction in light of the availability of vaccines and the Seventh Circuit's decision in *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). Dkt. 598. Mr. Rodriguez responded, arguing (1) that the efficacy of the vaccine is unclear; (2) that the vaccine is unlikely to be effective for him in light of his medical conditions, and (3) that the duration of any immunity conferred by the vaccine is undetermined. Dkt. 605.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C.

---

[1] The United States also argues that Mr. Rodriguez waived his right to file a motion for compassionate release. Dkt. 580 at 16-17. Mr. Rodriguez executed his plea agreement in May 2016, dkt. 256, and the Court accepted it in October 2016, dkt. 371. In cases where a defendant signed a similar waiver and pleaded guilty before enactment of the First Step Act, this Court has consistently found that the defendant did not knowingly and voluntarily waive the right to file a compassionate release motion because the right to file such a motion did not exist when the defendant agreed to the waiver. *See, e.g.*, *United States v. Rice*, No. 2:15-cr-19- JMS-CMM-10, dkt. 805, at 4–5 (S.D. Ind. Sept. 24, 2020) (denying motion to dismiss on basis of plea waiver); *United States v. Ayers*, No. 1:17-cr-255-TWP-TAB-01, dkt. 60 at 2–3 (S.D. Ind. Sept. 24, 2020) (same). That conclusion applies here: because Mr. Rodriguez signed his waiver well before enactment of the First Step Act, he did not knowingly and voluntarily waive the right to file a compassionate release motion.

§ 3582(c)(1)(A)(i). Before the First Step Act was enacted on December 21, 2018, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before

passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act

amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F. 3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Rodriguez seeks immediate release based on subsection (C) of Application Note 1 to § 1B1.13—he contends that the caregiver of his minor children has become incapacitated. Specifically, he asserts that his children's caretaker—Debbie Mack, their maternal grandmother— can no longer provide care because of her medical conditions and financial hardship. Dkt. 578 at 18-20. Ms. Mack wrote a letter stating that her income is barely enough to support herself and the children and that she would let Mr. Rodriguez reside with her upon his release. Dkt. 578-2. She also states that she suffers from rheumatoid arthritis and was recently diagnosed with cancer. *Id.*

Even if the Court were to assume without deciding that Mr. Rodriguez's family circumstances could establish an extraordinary and compelling reason to grant release,[2] the Court would nevertheless deny his motion because the applicable § 3553(a) sentencing factors weigh against release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Rodriguez's motion.

Weighing in Mr. Rodriguez's favor under the Court's § 3553(a) analysis, he establishes that he has completed several courses while incarcerated, including coursework to obtain his GED. Dkt. 578-11. Additionally, Mr. Rodriguez has received only two disciplinary write-ups with the most recent one occurring almost four years ago. Dkt. 578-10. Finally, although Mr. Rodriguez

---

[2] Because the Court proceeds to the § 3553(a) analysis on the basis of Mr. Rodriguez's family circumstances argument, it will not address his argument that the COVID-19 pandemic and his medical conditions combined establish an extraordinary and compelling reason for immediate release. *See* dkt. 578 at 9-18.

has been fully vaccinated against COVID-19, *see* dkt. 605-1, the Court acknowledges that he still faces some risk of contracting COVID-19 and experiencing severe symptoms if he does.

Weighing against Mr. Rodriguez is the fact that his crimes were very serious. He admitted to leading a conspiracy that distributed a significant amount of three different types of controlled substances. *See* dkt. 256 at ¶ 10. The area in which the conspiracy operated is one that has been ravaged by drug abuse. *See* dkt. 314 at ¶ 10. Mr. Rodriguez operated this conspiracy despite having served a significant term of incarceration for a previous felony drug conviction and while being on parole for this previous drug conviction. *See* dkt. 328 at ¶ 37. Most notably, he has served less than six years of the twenty-year minimum sentence triggered by the quantity of controlled substances involved in the conspiracy.[3]

Based on these circumstances, the Court finds that releasing Mr. Rodriguez early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. Immediate release would be a significant reduction in Mr. Rodriguez's statutorily required sentence and would amount to a windfall for Mr. Rodriguez. *See United States. v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

---

[3] The Court recognizes that, if he were sentenced today, Mr. Rodriguez might face a shorter mandatory minimum sentence—that is, a mandatory minimum sentence of only 15 years. *See* 21 U.S.C. § 841(b)(1)(A) (eff. Dec. 21, 2018). However, Mr. Rodriguez has served less than half of that reduced mandatory minimum and, even when measured by the new 15-year minimum sentence, releasing him now would amount to a substantial sentence reduction.

**III. Conclusion**

For the reasons stated above, Mr. Rodriguez's motions for compassionate release, dkts. [555] and [578], are **denied**.

**IT IS SO ORDERED.**

Date:  _____1/5/2022_____

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel